
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

January 18, 2023

**Via ECF**

John E. Failla
Member of the Firm
d +1.212.969.3141
f 212.969.2900
jfailla@proskauer.com
www.proskauer.com

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:  *Wells Fargo Bank, N.A., as Securities Intermediary v. The United States Life Insurance Company in the City of New York*, Case No. 1:22-cv-08606-JPC

Dear Judge Cronan,

This firm represents Plaintiff Wells Fargo Bank, N.A., as Securities Intermediary ("Securities Intermediary")[1] in this matter. Pursuant to Rule 5.C of Your Honor's Individual Rules of Practice in Civil Cases, the Securities Intermediary files this letter-motion seeking to stay discovery pending the Court's ruling on the Securities Intermediary's forthcoming motion for judgment on the pleadings. On January 12, 2023, counsel to the Securities Intermediary attempted to confer with Defendant the United States Life Insurance Company in the City of New York ("U.S. Life"), but U.S. Life's counsel advised it would be unable to confirm U.S. Life's position until January 20, 2023 due to its client's vacation schedule.[2] The Securities Intermediary will promptly advise the Court in the event U.S. Life agrees to join in the request for a discovery stay.

The Securities Intermediary brought this breach of contract action against U.S. Life based on U.S. Life's wrongful refusal to pay the $9.8 million death benefit (the "Death Benefit Amount") owed under a life insurance policy that U.S. Life issued on the life of Catherine Cohen in 2005 and that the Securities Intermediary became the beneficiary of in 2011 (the "Policy"). (*See* Exhibit A to Am. Compl.; *see also* Am. Compl. ¶ 33). Despite having collected ***$11 million*** in premiums for the Policy (*id.* ¶¶ 33-35), after Ms. Cohen died and the Securities Intermediary submitted its claim for the death benefit, U.S. Life wrongfully denied coverage, thereby breaching the Policy, and filed a declaratory judgment action in this Court asking for a declaration that U.S. Life had no obligation to pay the Death Benefit Amount (*see* ECF No. 17-1, Dec. Action Compl.).[3]

U.S. Life denied coverage based on an allegation that Ms. Cohen's age was misstated in the application for the Policy. (*See* Dec. Action Compl. ¶¶ 2, 3). U.S. Life has now informed the Court that it "has obtained conclusive evidence" that Ms. Cohen's date of birth was January 29, 1920 – a little more than a year earlier than the May 10, 1921 date listed in the application for the

---

[1] At all times, Securities Intermediary has acted, and continues to act, solely in a ministerial capacity as a securities intermediary for a third-party customer pursuant to the Uniform Commercial Code. *See* U.C.C. § 8-102(a)(14).
[2] A copy of the correspondence between counsel is attached as **Exhibit A.**
[3] The "Dec. Action Compl." refers to the (now dismissed) lawsuit filed by U.S. Life against the Securities Intermediary captioned *U.S. Life Ins. Co. in the City of N.Y. v. Wells Fargo Bank, N.A.*, No. 1:22-cv-05621, ECF No. 1.



Honorable John P. Cronan
Page 2

Policy and Ms. Cohen's state-issued driver's license. (*See* ECF. No. 18 at 2 n.3). Having collected $11 million in premiums, U.S. Life now contends, based on this supposed inaccuracy regarding Ms. Cohen's birthdate, it does not have to pay a single dollar in death benefits.

U.S. Life is wrong. The pleadings and incorporated documents establish as a matter of law that U.S. Life has breached the terms of the Policy and that none of U.S. Life's defenses based on the alleged misstatement of Ms. Cohen's age overcome the plain language of the Policy. In addition, U.S. Life's defenses are barred by the statute of limitations and doctrine of judicial estoppel. As the Court is aware, the Securities Intermediary filed a pre-motion letter, a copy of which is attached hereto, requesting permission to file a motion for judgment on the pleadings (ECF No. 17) and the Court directed the Securities Intermediary to file its motion by January 19, 2023. (ECF No. 19). Briefing on the Securities Intermediary's motion will be fully completed by February 23, 2023. (*Id.*). The Securities Intermediary now moves to stay discovery pending the resolution of its forthcoming motion for judgment on the pleadings.

## ARGUMENT

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Valentini v. Grp. Health Inc.*, No. 20 Civ. 9526 (JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (citation omitted). "Good cause may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order." *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839(PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007).

"In determining whether the moving party has shown good cause for a stay, the court considers multiple factors, including: 'the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay.'" *Richardson v. City of N.Y.*, No. 21-CV-5080, 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022) (citation omitted). Here, discovery should be stayed because: (1) the Securities Intermediary's forthcoming motion is potentially dispositive; (2) discovery would be burdensome; and (3) U.S. Life will not be prejudiced by a stay of discovery.

**The Security Intermediary's Forthcoming Motion Should Resolve This Litigation.**

This insurance coverage case is a single count breach of contract action seeking payment of the Death Benefit Amount. Thus, if the Securities Intermediary succeeds on its motion, this case will be over (except for the calculation of prejudgment interest) and no discovery will be necessary. While the Court of course need not pre-judge the Securities Intermediary's motion for judgment on the pleadings in order to stay discovery, as the Court can see from the Securities Intermediary's pre-motion letter, there are several alternative grounds upon which the Court will be able to find that U.S. Life's sole coverage defenses – based on the alleged misstatement of Ms. Cohen's age in the Policy application – fail as a matter of law.

Where, as here, a party files a dispositive motion that is potentially meritorious, this Court regularly grants motions to stay discovery. *See Valentini*, 2021 WL 861275, at *1 (staying discovery pending motion to dismiss and stating "Defendants have made a sufficient showing on



Honorable John P. Cronan
Page 3

the merits, which could potentially be dispositive, that weighs in favor of a stay"); *Richardson*, 2022 WL 20003340, at *2 (similar); *Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery pending resolution of motion to dismiss where motion "is potentially dispositive, and appears to be not unfounded in the law").

### **Discovery On Potentially Irrelevant Issues Would Be Burdensome.**

When the ruling on a dispositive motion "may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden . . . ." *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997). Here, as noted above, no discovery will be necessary if the Securities Intermediary's motion is granted. Thus, any discovery that is engaged in while the motion is pending could impose costs on the parties that could be wholly unnecessary.

It is difficult to understand why discovery is even needed in this case in light of U.S. Life's representation to the Court that it obtained "conclusive evidence' of Ms. Cohen's birthdate. Notwithstanding this representation, U.S. Life has already indicated that it improperly intends to take discovery on issues that have not even been pleaded and that will only serve to delay this case and make it more expensive. Specifically, although U.S. Life has not pled any counterclaim or defense based on fraud, it has suggested to the Court that it intends to engage in an improper fishing expedition in order seek discovery in support of a potential, unpled fraud defense. (*See* ECF No. 18 at 2). This is not permissible. *United States ex rel. Amico v. Citigroup, Inc.*, No. 14-CV-4370 (CS), 2015 WL 13814187, at *6 (S.D.N.Y. Aug. 7, 2015) (parties that had not adequately pled fraud were not entitled to discovery to "prove their allegations of fraud"). Staying discovery pending a decision on the Securities Intermediary's motion could eliminate any need for discovery or, at a minimum, will clarify for the parties what limited issues remain and what, if any, discovery is appropriate. *See Richardson*, 2022 WL 2003340, at *1 (concluding that potential discovery implicated by complaint could be burdensome and staying discovery).

### **U.S. Life Will Not Be Prejudiced By A Brief Stay Of Discovery.**

The Securities Intermediary's motion will be filed on January 19, 2023 and will be fully briefed by February 23, 2023. (*See* ECF No. 19 at 4). Because the motion will be ready to be adjudicated by the Court in short order, there will be no prejudice to U.S. Life. *See, e.g.*, *Valentini* 2021 WL 861275, at *2. Further, U.S. Life only recently answered, after being given a sixty-day extension, and discovery has not yet commenced. Under similar circumstances, district courts in this Circuit routinely grant motions to stay discovery finding that a brief stay of discovery pending the resolution of a dispositive motion will not prejudice the non-moving party. *See, e.g.*, *Vida Press v. Dotcom Liquidators, Ltd.*, No. 2:22-CV-2044, 2022 WL 17128638, at *2 (E.D.N.Y. Nov. 22, 2022) ("[T]here is little or no prejudice identified if a stay is granted. The Court notes that this case is in the earliest stages – the Initial Conference has yet to be held and no discovery schedule has been ordered yet . . . ."); *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("[A] delay in discovery, without more, does not amount to unfair prejudice.").



Honorable John P. Cronan
Page 4

Respectfully submitted,

*/s/ John E. Failla*
John E. Failla

    cc:    Plaintiff's Counsel of Record (via ECF)

Defendant shall file its response to Plaintiff's motion by January 24, 2023.

SO ORDERED.
Date:  January 20, 2023
New York, New York

    JOHN P. CRONAN
    United States District Judge

4

# EXHIBIT A

| | |
|---|---|
| **From:** | Steven Lucks <slucks@fishkinlucks.com> |
| **Sent:** | Tuesday, January 17, 2023 5:17 PM |
| **To:** | Lander, Nathan R.; Aaron Loterstein |
| **Cc:** | Failla, John E.; DuBosar, Jared M. |
| **Subject:** | RE: Wells Fargo Bank, N.A., as Securities Intermediary v. The United States Life Insurance Company, No. 1:22-cv-08606 |

*This email originated from outside the Firm.*

Nate,

Confirmed that we'll send you our inserts so that the letter can be timely filed.

We understand your position on the motion to stay.

Regards,

Steve

**Steven M. Lucks** | Partner
+1.646.768.7682
fishkinlucks.com

## Fishkin Lucks
New York | Newark | Philadelphia

If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

**From:** Lander, Nathan R. <NLander@proskauer.com>
**Sent:** Tuesday, January 17, 2023 5:10 PM
**To:** Steven Lucks <slucks@fishkinlucks.com>; Aaron Loterstein <ALoterstein@fishkinlucks.com>
**Cc:** Failla, John E. <jfailla@proskauer.com>; DuBosar, Jared M. <JDuBosar@proskauer.com>
**Subject:** RE: Wells Fargo Bank, N.A., as Securities Intermediary v. The United States Life Insurance Company, No. 1:22-cv-08606

**[External Email]**

Steve,

As to the joint letter, please confirm that, notwithstanding your client's vacation schedule, you will be able to get us U.S. Life's sections in time for the letter to be filed with the Court on Thursday in accordance with the Court's deadline.

As to the motion to stay discovery, we feel it is important to get it on file in advance of the joint submission since, as you will see in our section, we are advising the Court that we have moved to stay discovery. Given your client's unavailability, we will include in our letter-motion that we have attempted to confer, that your client has been unable to

respond due to vacation schedules, but that we will promptly advise the Court in the event that your client decides to join in our request for a stay of discovery.

Nate

**Nathan R. Lander**
Partner

[Proskauer](#)
Eleven Times Square
New York, NY 10036-8299
d 212.969.3566
f  212.969.2900
[nlander@proskauer.com](mailto:nlander@proskauer.com)

greenspaces
Please consider the environment before printing this email.

---

**From:** Steven Lucks <[slucks@fishkinlucks.com](mailto:slucks@fishkinlucks.com)>
**Sent:** Tuesday, January 17, 2023 4:52 PM
**To:** Lander, Nathan R. <[NLander@proskauer.com](mailto:NLander@proskauer.com)>; Aaron Loterstein <[ALoterstein@fishkinlucks.com](mailto:ALoterstein@fishkinlucks.com)>
**Cc:** Failla, John E. <[jfailla@proskauer.com](mailto:jfailla@proskauer.com)>; DuBosar, Jared M. <[JDuBosar@proskauer.com](mailto:JDuBosar@proskauer.com)>
**Subject:** RE: Wells Fargo Bank, N.A., as Securities Intermediary v. The United States Life Insurance Company, No. 1:22-cv-08606

*This email originated from outside the Firm.*

Nate,

Due to vacation schedules, we weren't able to speak with our client yet. We have a call scheduled for Friday at 3:30 p.m. Are you available for a meet-and-confer at 4:30 p.m.?

Thanks for sending over the joint letter. We'll work on USL's position.

Regards,

Steve

**Steven M. Lucks** | Partner
+1.646.768.7682
fishkinlucks.com

**Fishkin Lucks**
New York | Newark | Philadelphia

If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

---

**From:** Lander, Nathan R. <[NLander@proskauer.com](mailto:NLander@proskauer.com)>
**Sent:** Tuesday, January 17, 2023 9:35 AM
**To:** Steven Lucks <[slucks@fishkinlucks.com](mailto:slucks@fishkinlucks.com)>; Aaron Loterstein <[ALoterstein@fishkinlucks.com](mailto:ALoterstein@fishkinlucks.com)>
**Cc:** Failla, John E. <[jfailla@proskauer.com](mailto:jfailla@proskauer.com)>; DuBosar, Jared M. <[JDuBosar@proskauer.com](mailto:JDuBosar@proskauer.com)>

2

**Subject:** RE: Wells Fargo Bank, N.A., as Securities Intermediary v. The United States Life Insurance Company, No. 1:22-cv-08606

**[External Email]**

Steven,

Attached are drafts of the joint letter and case management order. These drafts are still subject to client review, but we wanted to get them to you now so that you can begin inserting U.S. Life's position on various issues.

Can you please let us know your client's position on our request to stay discovery and when today you are available for the meet-and-confer?

Nate

**Nathan R. Lander**
Partner

[Proskauer](#)
Eleven Times Square
New York, NY 10036-8299
d 212.969.3566
f  212.969.2900
[nlander@proskauer.com](mailto:nlander@proskauer.com)

greenspaces
Please consider the environment before printing this email.

---

**From:** Steven Lucks <slucks@fishkinlucks.com>
**Sent:** Thursday, January 12, 2023 7:32 PM
**To:** Lander, Nathan R. <NLander@proskauer.com>; Aaron Loterstein <ALoterstein@fishkinlucks.com>
**Cc:** Failla, John E. <jfailla@proskauer.com>; DuBosar, Jared M. <JDuBosar@proskauer.com>
**Subject:** RE: Wells Fargo Bank, N.A., as Securities Intermediary v. The United States Life Insurance Company, No. 1:22-cv-08606

*This email originated from outside the Firm.*

Nate,

Thanks for the heads up on the joint letter. We'll await your draft of the joint letter.

As far as your anticipated motion to stay discovery, we unfortunately won't be in a position to meet and confer until Tuesday. We need to speak with our client and won't be able to do so until early next week.

Regards,

Steve

**Steven M. Lucks** | Partner
+1.646.768.7682

3

fishkinlucks.com

# Fishkin Lucks
New York | Newark | Philadelphia

If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

**From:** Lander, Nathan R. <NLander@proskauer.com>
**Sent:** Thursday, January 12, 2023 3:52 PM
**To:** Aaron Loterstein <ALoterstein@fishkinlucks.com>; Steven Lucks <slucks@fishkinlucks.com>
**Cc:** Failla, John E. <jfailla@proskauer.com>; DuBosar, Jared M. <JDuBosar@proskauer.com>
**Subject:** Wells Fargo Bank, N.A., as Securities Intermediary v. The United States Life Insurance Company, No. 1:22-cv-08606

**[External Email]**

Aaron and Steven,

I wanted to reach out regarding two items on this matter. First, we plan to file a motion asking Judge Cronan to stay discovery pending resolution of our motion for judgment on the pleadings. Please let us know if you consent to the motion and when you are available tomorrow (I'm free any time after 11) for the required meet-and-confer regarding the motion.

Second, to make sure we are not duplicating efforts, I wanted to let you know that we are preparing a draft of the joint-letter that is due on January 19 in advance of the Initial Conference. We will leave blanks for U.S. Life's position and will get you a draft early next week to make sure we have time to work together to finalize that submission.

Nate

**Nathan R. Lander**
Partner

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.3566
f  212.969.2900
nlander@proskauer.com

greenspaces
Please consider the environment before printing this email.

***********************************************************************************
****************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender

4

immediately.

********************************************************************************
**************************************************