UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
WELLS FARGO BANK, N.A., As Securities    :
Intermediary,                            :
                                         :
                    Plaintiff,           :          22 Civ. 8606 (JPC)
                                         :
         -v-                             :          OPINION AND ORDER
                                         :
                                         :
THE UNITED STATES LIFE INSURANCE COMPANY :
IN THE CITY OF NEW YORK,                 :
                                         :
                    Defendant.           :
                                         :
------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

  Plaintiff Wells Fargo Bank, N.A. brings this action against Defendant the United States Life Insurance Company in the City of New York to recover a $9.8 million death benefit under an insurance policy issued to the late Catherine Cohen.  After Defendant answered the operative complaint, it moved to amend its answer to add new affirmative defenses for reformation of the policy on the basis of mutual mistake and unilateral mistake and to add factual allegations in support of those defenses.  Plaintiff partially opposes that motion on the grounds that adding an affirmative defense of reformation based on unilateral mistake would be futile, since Defendant has failed to adequately allege fraudulent concealment by Cohen to support that defense.  Because the Court determines that Defendant has adequately alleged an affirmative defense of reformation on the basis of unilateral mistake, and therefore an amendment of its answer to add that defense would not be futile, it grants the motion to amend in its entirety.

## I. Background

**A.    Facts**[1]

Plaintiff is the Securities Intermediary for a life insurance policy purchased from Defendant in 2005 by Cohen with a death benefit amount of $9,800,000.  Am. Compl. ¶¶ 2-3.  Cohen died in October 2021, *id.* ¶ 4, prior to the maturity date for the policy, which was November 8, 2021, *id.* ¶ 22.  However, Cohen had recorded her birthdate on her insurance application as May 10, 1921, rather than January 29, 1920 which Defendant claims is Cohen's true date of birth.  *Id.* ¶ 39; Aff. Defenses ¶¶ 15-19.  Had Cohen provided the January 29, 1920 date of birth in her insurance application, Defendant contends that the maturity date of the policy would have been November 8, 2019, and so Cohen would have died after that maturity date.  Aff. Defenses ¶ 20.  The insurance policy provides that "if the insured is living on the maturity date" then only the "cash value less debt will be paid to the owner," rather than the full death benefit.  *Id.* ¶ 5.  Therefore, Defendant has not paid the full death benefit to Plaintiff.  Am. Answer ¶ 48.

Cohen's death certificate listed her date of birth as January 29, 1920 and listed Cohen's daughter as the "Informant."  Aff. Defenses ¶ 13.  Cohen's obituary likewise listed her date of birth as January 29, 1920, as did a "tribute movie" created by Cohen's family.  *Id.* ¶¶ 15-16.  Cohen's family appears to have celebrated her 100th birthday in January 2020.  *Id.* ¶ 17.  And finally, Cohen's baptismal records recorded her date of birth as January 29, 1920.  *Id.* ¶ 19.

---

[1] The Court refers to facts alleged in the Amended Complaint, Dkt. 11 ("Am. Compl."), in order to frame the issues relevant to this motion.  The facts necessary to evaluate the sufficiency of Defendant's amendment come from the proposed Amended Answer to the Amended Complaint, Dkt. 32-2 ("Am. Answer").  That proposed Amended Answer is divided into two sections, a first section responding to the allegations in the Amended Complaint, *id.* at 1-11, and a second section providing additional facts for the purposes of Defendant's affirmative defenses, *id.* at 11-17.  The Court cites this second section as "Aff. Defenses" for the sake of clarity.

Cohen had also obtained an $11 million life insurance policy from Principal Life Insurance Company in 2003, and around the time she applied for her policy from Defendant in 2005 she was also applying for a $10 million policy from AXA. *Id.* ¶ 10. Such policies are priced based on the age of the insured, may not be issued based on the applicant's age due to increased underwriting risk, and often will not be issued to insure applicants over the age of 85. *Id.* ¶ 11.

**B.      Procedural History**

Plaintiff initiated this action on October 10, 2022, Dkt. 1, and filed an Amended Complaint on October 17, 2022, Dkt. 11.[2] Defendant answered the Amended Complaint on December 15, 2022. Dkt. 15. On January 24, 2023 Defendant filed a letter motion seeking leave to file an amended answer and affirmative defenses, Dkt. 26, which Plaintiff opposed the next day, Dkt. 29. The Court held a conference on January 26, 2023 and set a briefing schedule for a motion to amend. Jan. 26, 2023 Minute Entry. Defendant then filed its motion on February 3, 2023. Dkts. 30, 31 ("Motion"), 32. Plaintiff opposed the motion on February 15, 2023. Dkts. 33 ("Opposition"), 34. Defendant filed its reply on February 21, 2023. Dkt. 35 ("Reply").

## II.  Legal Standard

A court analyzes a party's request to amend pleadings pursuant to Federal Rule of Civil Procedure 15(a). *See* Fed. R. Civ. P. 15(a). Under Rule 15(a)(1), a party may amend its pleading without leave of court "within (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

---

[2] Defendant previously had filed a complaint against Plaintiff concerning these same facts and seeking a declaratory judgment that it is responsible only for "the cash value as of the true maturity date of November 8, 2019, plus a reimbursement of back premiums paid as of that date." *See* Complaint at 10, *The United Life Ins. Co. in the City of New York v. Wells Fargo Bank, N.A.*, No. 22 Civ. 5621 (JPC) (S.D.N.Y.), Dkt. 1. That action was voluntarily dismissed on October 12, 2022, two days after this action was initiated. *See id.* Dkt. 20.

service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Amending a pleading after these deadlines requires either the opposing party's written consent or leave of court. *See* Fed. R. Civ. P. 15(a)(2). A district court must "freely give leave to amend when justice so requires," *id.*, but may deny such a request "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *DeCastro v. City of New York*, No. 16 Civ. 3850 (RA), 2020 WL 4932778, at *6 (S.D.N.Y. Aug. 24, 2020) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "An amendment is considered futile if it could not defeat a motion to dismiss for failure to state a claim or for lack of subject matter jurisdiction." *Raji v. Societe Generale Ams. Sec. LLC*, No. 15 Civ. 1144 (AT), 2016 WL 354033, at *2 (Jan. 21, 2016) (quoting *Huang v. iTV Media, Inc.*, 13 F. Supp. 3d 246, 264 (E.D.N.Y. 2014)).

To survive a motion to dismiss for failure to state a claim, "a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the Court must "accept[] as true the factual allegations in the [pleading] and draw[] all inferences in the [non-movant's] favor," *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015), it need not "accept as true legal conclusions couched as factual allegations," *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009) (citation omitted).

Of course, motions for a failure to state a claim or for lack of subject matter jurisdiction are made pursuant to Federal Rule of Civil Procedure 12(b), which applies to motions against "a claim

4

for relief." Dismissal of an affirmative defense is obtained instead by a Rule 12(f) motion to strike, which allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Pristine Jewelers NY, Inc. v. Broner*, 492 F. Supp. 3d 130, 132 (S.D.N.Y. 2020) ("In the case of an amendment to add a new defense, futility ought technically to turn on the proposed defense's legal sufficiency and whether it is subject to a motion to strike under [Federal Rule of Civil Procedure] 12(f), though the distinction is largely semantic since the standard by which 12(f) and 12(b)(6) motions are evaluated are mirror images." (internal quotation marks and brackets omitted)). Subject to heightened requirements for affirmative defenses sounding in fraud, discussed below, such a Rule 12(f) motion is ultimately governed under standards similar to those used in assessing a motion to dismiss for failure to state a claim. *See GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) ("We conclude that the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense.").

Affirmative defenses sounding in fraud must also meet the pleading standards of Federal Rule of Civil Procedure 9(b). *Coral Crystal, LLC v. Fed. Ins. Co.*, No. 17 Civ. 1007 (LTS) (BCM), 2021 WL 84308, at *5 (S.D.N.Y. Jan. 11, 2021). "Rule 9(b) requires that 'a party must state with particularity the circumstances constituting fraud or mistake,' although '[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally.'" *Valentini v. Grp. Health Inc.*, No. 20 Civ. 9526 (JPC), 2021 WL 6113991, at *3 (S.D.N.Y. Dec. 27, 2021) (alteration in original) (quoting Fed. R. Civ. P. 9(b)), *aff'd*, No. 22-157, 2023 WL 2027273 (2d Cir. Feb. 16, 2023). In other words, Rule 9(b) requires pleading the circumstances of the fraud and the defendant's mental state. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015). To satisfy this heightened burden, a complaint must "(1) detail the statements

(or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Id.* (quoting *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004)).  In terms of a defendant's mental state, the complaint must allege facts "that give rise to a strong inference of fraudulent intent."  *Id.* (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006)).  "Courts view the alleged facts 'in their totality, not in isolation.'"  *Valentini*, 2021 WL 6113991, at *3 (quoting *Loreley*, 797 F.3d at 171).  And in general, that "requisite 'strong inference' of fraud may be established either (a) by alleging facts to show that [the relevant party] had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness."  *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

### III.  Discussion

Defendant moves to amend its Answer to the Amended Complaint to add affirmative defenses for reformation of the policy's listed date of birth based on mutual mistake and unilateral mistake, and to allege additional facts supporting those defenses.  *See generally* Am. Answer; Aff. Defenses.

**A.    Reformation Based on Unilateral Mistake[3]**

Under New York law, the Court may reform a contract when there has been a "unilateral mistake coupled with fraudulent concealment by the knowing party."  *Winmar Co. v. Tchrs. Ins. & Annuity Ass'n of Am.*, 870 F. Supp. 524, 535 (S.D.N.Y. 1994) (citing *Chimart Assocs. v. Paul*,

---

[3] Because Plaintiff does not oppose Defendant's amendment with respect to the affirmative defense of reformation based on mutual mistake, Opposition at 22, the Court grants Defendant's motion with respect to that defense.  Similarly, because Plaintiff only argues that amendment would be futile, and does not argue undue prejudice, undue delay, or bad faith, the Court only examines the proposed amendment for futility.

6

489 N.E.2d 231, 232-34 (N.Y. 1986)).  The question is whether "the parties have reached agreement and, unknown to one party but known to the other (who has misled the first), the subsequent writing does not properly express that agreement." *Chimart Assocs.*, 489 N.E. at 234. In order to establish reformation based on a unilateral mistake, a party "bears the burden of proving both its own mistake and fraudulent concealment by the other party." *Winmar,* 870 F. Supp. at 537.  To show fraudulent concealment, the party must allege "(1) misrepresentation, concealment or nondisclosure of a material fact; (2) intent to deceive on the part of the defendant;[4] (3) justifiable reliance upon the misrepresentation by the plaintiff; and (4) injury to the plaintiff as a result of such reliance." *Id.* (internal quotation marks omitted).

Plaintiff argues that Defendant's proposed Amended Answer fails to adequately plead fraud.  Opposition at 15-21.  In particular, Plaintiff argues that Defendant has failed to allege a basis for plausibly inferring that Cohen acted with fraudulent intent, *id.* at 16, because Defendant has not sufficiently alleged a knowing misstatement, *id.* at 18, has not alleged a motive, *id.* at 20, and has alleged only an implausible theory of fraud, *id.* at 21.  Plaintiff's arguments boil down to three points.  First, public documents including Cohen's driver license and voting records reflect the May 10, 1921 birthdate, indicating that Cohen truly believed that to be her date of birth and so did not *knowingly* misstate her birthdate.  Opposition at 17-19.  Second, Defendant has not alleged that Cohen knew her birthdate was January 29, 1920 at the time she applied for the insurance policy, even if she later learned this fact.  *Id.* at 18-19.  And third, there were no real benefits to Cohen understating her age and any benefits that did exist were not known to Cohen.  *Id.* at 20.

---

[4] The parties disagree with respect to the level of scienter that Defendant must allege in the specific insurance contract context.  *See* Motion at 17; Opposition at 11-12.  Because the Court finds that the proposed amended answer satisfies the traditional fraud pleading standard, it does not reach this issue.

Defendant responds by noting that both Cohen's driver license and the voting registration were obtained only shortly before she applied for life insurance. Reply at 7-8. Defendant claims that Cohen's first driver license was issued in April 2003, the same year Cohen obtained another life insurance policy, and the voting registration a year later, which was the year before she applied to Defendant for insurance. *Id.* Rather than establishing that Cohen genuinely believed her birthdate was May 10, 1921, Defendant argues, these materials reveal only that around the time Cohen started seeking out life insurance she used a birthdate in public records which falsely represented her as being younger than she actually was. *Id.* at 8. Defendant adds that Plaintiff's theory that Cohen learned her true birthdate in the last fifteen years of her life, after she applied for life insurance, such that her death certificate and 100th birthday celebration would accurately reflect that date of birth, is less plausible than the inference that she learned it sometime in the preceding eighty-four years. *Id.* at 4-5. Defendant argues as well that by misrepresenting her age, Cohen gained the benefits of lower premiums, a result which was clear from the face of the policy, and a higher likelihood of being approved for insurance, which requires no specialized knowledge to understand. *Id.* at 5-6.

Weighing these arguments, and drawing all plausible inferences in favor of Defendant, as the Court must at this stage, the Court determines that Defendant has adequately alleged fraudulent concealment and so its amendment to add a defense of reformation on the basis of unilateral mistake would not be futile. Defendant has alleged facts sufficient to infer that Cohen knew her birthdate at the time she applied for insurance. Beyond the logical assumption that a person knows her own date of birth in most situations, according to the factual allegations in the proposed Amended Answer, Cohen's family knew her January 29, 1920 birthdate at the time of her death, they celebrated her 100th birthday in January 2020, and documentation existed as to that true

birthdate since Cohen's baptism. Against these facts Plaintiff argues that a driver license and voting registration show a May 10, 1921 birthdate. But even setting aside the question of whether the Court can properly consider these materials at this stage, they appear to show only that Cohen received a driver license with the May 10, 1921 birthdate, and registered to vote using that birthdate, within two years of applying for the policy at issue—around the same time that she was applying for other policies. *See* Dkt. 34-6 at 7-9. While perhaps more longstanding records would more strongly suggest that Cohen did not know her true birthdate and that she sincerely believed it was May 10, 1921 at the time she applied for life insurance, these records created only shortly before the alleged fraud do not overcome the plausible inference that Cohen did know her birthdate when she applied for insurance with Defendant.[5]

Turning then to the issue of intent, the Court determines that Defendant has adequately alleged a motive and opportunity for Cohen to misstate her age. Cohen clearly had the opportunity to do so, as she applied for life insurance with the allegedly incorrect birthdate. With respect to motive, "[a]llegations of motive are sufficient if they entail concrete benefits that could be realized by one or more of the false statements and wrongful disclosures alleged." *U.S. Bank Nat'l Ass'n v. BFPRU I, LLC*, 230 F. Supp. 3d 253, 262 (S.D.N.Y. 2017) (internal quotation marks omitted). Here, as alleged by Defendant, the face of the policy indicated that premiums would be based in part on age. Aff. Defenses ¶ 8. That Cohen would have misstated her age only by little more than a year does not render implausible the idea that the misstatement was intentional. It stands to

---

[5] The parties disagree as to whether the standard set forth in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 326 (2007), a case which examined the standard for pleading scienter under the Private Securities Litigation Reform Act, applies to other fraud cases. Opposition at 16; Reply at 5 n.7. That standard requires the court to ask, "when the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at least as strong as any opposing inference?" *Tellabs*, 551 U.S. at 326. Because the Court determines that Defendant's pleading satisfies either standard, it need not resolve this dispute.

reason that a larger misstatement would have had a lower chance of success by raising suspicion. Cohen could have stated that she was twenty, and not eighty-four, in order to lower her premiums even further, but such a statement surely would have been noticed and so would have been ineffective at obtaining the lower premiums.

In summary, Defendant has sufficiently alleged in its proposed Amended Answer specific facts giving rise to the inference that Cohen knew her true birthdate of January 29, 1920 at the time she applied for insurance, and that she had both the motive and opportunity to misstate her age. Therefore, the Court grants the motion to amend.

### IV.  Conclusion

For the previously stated reasons, the motion to amend is granted. Plaintiff has stated that it intends to renew its pending motion for judgment on the pleadings. Dkt. 22. Defendant shall file its amended answer by May 1, 2023. By May 10, 2023 the parties shall file a joint status letter indicating whether Plaintiff intends to re-file an updated motion and, regardless, proposing a briefing schedule for that motion. The parties shall additionally indicate whether they continue to disagree as to whether discovery should proceed in this matter. The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 26 and 30.

SO ORDERED.

Dated: April 26, 2023  
       New York, New York                             _____  
                                                      JOHN P. CRONAN  
                                                      United States District Judge