

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

John E. Failla
Member of the Firm

d +1.212.969.3141
f 212.969.2900
jfailla@proskauer.com
www.proskauer.com

June 27, 2023

**Via ECF**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

<span style="color:blue">The request is granted.  The Clerk of Court is respectfully directed to close the motion pending at Docket Number 42, and to sign and issue the subpoenas at Docket Numbers 42-3, 42-4, 42-5 and 42-6.
SO ORDERED.
Date: June 27, 2023
New York, New York</span>

_____
JOHN P. CRONAN
United States District Judge

Re:   *Wells Fargo Bank, N.A., as Securities Intermediary v. The United States Life Insurance Company in the City of New York*, Case No. 1:22-cv-08606-JPC

Dear Judge Cronan,

This firm represents Plaintiff Wells Fargo Bank, N.A., as Securities Intermediary ("Securities Intermediary")[1] in this matter.  Pursuant to Rule 5.C of Your Honor's Individual Rules of Practice in Civil Cases, the Securities Intermediary files this unopposed Letter-Motion seeking Court issuance of subpoenas to certain federal and state agencies for records reflecting the date of birth of Catherine Cohen – the insured under the life insurance policy at issue in this action.  Prior to filing this Letter-Motion, Counsel for the Securities Intermediary conferred with counsel for Defendant the United States Life Insurance Company in the City of New York ("U.S. Life"), and U.S. Life consents to the relief requested herein.

The Securities Intermediary brought this breach of contract action against U.S. Life based on U.S. Life's wrongful refusal to pay the $9.8 million death benefit (the "Death Benefit Amount") owed under a life insurance policy that U.S. Life issued on the life of Catherine Cohen in 2005 and that the Securities Intermediary became the beneficiary of in 2011 (the "Policy").  (*See* Exhibit A to Am. Compl.; *see also* Am. Compl. ¶ 33).  Despite having collected *$11 million* in premiums for the Policy (*id.* ¶¶ 33-35), after Ms. Cohen died and the Securities Intermediary submitted its claim for the death benefit, U.S. Life wrongfully denied coverage, thereby breaching the Policy, and filed a declaratory judgment action in this Court asking for a declaration that U.S. Life had no obligation to pay the Death Benefit Amount (*see* ECF No. 17-1, Dec. Action Compl.).[2]

U.S. Life has denied coverage under the Policy based on an alleged misstatement of age by Ms. Cohen in the application for the Policy.  U.S. Life alleges that Ms. Cohen's date of birth was not May 10, 1921, as stated in the Policy application, but was instead a little over a year earlier on January 29, 1920.  (See ECF No. 37, Amended Answer to Amended Complaint).  U.S. Life alleges that Ms. Cohen fraudulently misstated her birthdate on the application and, thus, U.S. Life

---

[1] At all times, Securities Intermediary has acted, and continues to act, solely in a ministerial capacity as a securities intermediary for a third-party customer pursuant to the Uniform Commercial Code. *See* U.C.C. § 8-102(a)(14).

[2] The "Dec. Action Compl." refers to the (now dismissed) lawsuit filed by U.S. Life against the Securities Intermediary captioned *U.S. Life Ins. Co. in the City of N.Y. v. Wells Fargo Bank, N.A.*, No. 1:22-cv-05621, ECF No. 1.



Honorable John P. Cronan
Page 2

is entitled to reform the Policy's "maturity date" or the Death Benefit Amount based on a purported fraudulently induced unilateral mistake. (*Id.* at Affirmative Defenses).

The Securities Intermediary believes that Ms. Cohen's May 10, 1921 birthdate listed in the Policy application was either accurate or, if inaccurate, that any inaccuracy was an innocent mistake. In opposing U.S. Life's motion to amend its Answer to assert its affirmative defense based on fraud, the Securities Intermediary noted that at the time she applied for the Policy from U.S. Life in 2005, both Ms. Cohen's Florida driver's license and Florida voting records reflected the same May 10, 1921 birthdate as listed in the Application. In granting U.S. Life leave to assert a fraud defense, the Court held that:

> [These records] appear to show only that Cohen received a driver license with the May 10, 1921 birthdate, and registered to vote using that birthdate, within two years of applying for the policy at issue— around the same time that she was applying for other policies. *See* Dkt. 34-6 at 7-9. While perhaps more longstanding records would more strongly suggest that Cohen did not know her true birthdate and that she sincerely believed it was May 10, 1921 at the time she applied for life insurance, these records created only shortly before the alleged fraud do not overcome the plausible inference that Cohen did know her birthdate when she applied for insurance with Defendant.

(ECF No. 36, Order at 9).

Thus, the issues of what Ms. Cohen's actual birthdate was and, more importantly, what she believed her birthdate to be at the time she applied for the Policy are relevant issues in this case. In accordance with the Court's previous guidance in the Order, the Securities Intermediary has been seeking, through public records requests, "more longstanding" government records reflecting the birthdate used by Ms. Cohen earlier in her life: including historical driving records, voting registration records, social security records, passport records, and marriage certificate records. The records the Securities Intermediary has obtained so far confirm that Ms. Cohen consistently used May 10, 1921 as her birthdate for decades preceding applying for the Policy. Indeed, in Ms. Cohen's (then Mozola) affidavit for license to marry, marriage license, and marriage certificate— ***from March 1944***—Ms. Cohen's listed date of birth is May 10, 1921. *See* **Exhibit A.** As another example, attached as **Exhibit B** is a driving abstract record from the New York DMV reflecting a May 10, 1921 birthdate for Ms. Cohen on her New York drivers licenses.

However, several government agencies have not responded to the Securities Intermediary's public record requests[3] and/or have guidelines indicating they will not comply with subpoenas unless issued by a court (and not third-party subpoenas issued by attorneys of record pursuant to

---

[3] The Securities Intermediary requested information from both the Social Security Administration and the Department of State under the Freedom of Information Act. Copies of these requests are attached as **Exhibits G and H.** To date, the Securities Intermediary has not received a response to either request.



Honorable John P. Cronan
Page 3

Fed. R. Civ. P. 45(a)(3)). For example, the Social Security's website states: "Generally, SSA will not respond to a subpoena for records unless it is signed by a federal district court judge and meets the other requirements listed in our court order regulation at 20 C.F.R § 401.180."[4] Similarly, the Department of State's website indicates that it may "release passport information after receiving a written request from the presiding judge in a domestic civil suit."[5]

As for the state agencies, the New York Department of Motor Vehicles' website indicates that subpoenas issued by federal judges will be honored.[6] As for the New York State Board of Elections, individuals cannot even submit requests for public records unless they certify that the request is made for "election purposes."[7]

Accordingly, in order to enable the Securities Intermediary to obtain additional, relevant documents reflecting Ms. Cohen's birthdate, as used in official government records during the course of her life, the Securities Intermediary is in need of the Court's assistance to obtain documents from the following agencies: the (1) Social Security Administration; (2) United States Department of State; (3) New York State Board of Elections; and (4) New York Department of Motor Vehicles. By way of example, the Department of State should be in possession of copies of Ms. Cohen's passport applications (if any) and passports (if any), which would both presumably reflect the date of birth she gave when applying for a passport. The Securities Intermediary therefore requests that the Court issue subpoenas to these government agencies. Copies of the proposed subpoenas are attached as **Exhibits C-F.**

Because this litigation will require the trier-of-fact to determine whether Ms. Cohen fraudulently misstated her birthdate in the Policy application, the Securities Intermediary asks the Court to issue subpoenas, attached as **Exhibits C-F,**[8] requiring the applicable federal and state agencies to produce certain documents where Ms. Cohen's date of birth likely appears.

Respectfully submitted,

*/s/ John E. Failla*
John E. Failla

cc:     Plaintiff's Counsel of Record (via ECF)

---

[4] SSA.GOV, Court Orders, Subpoenas, Law Enforcement Requests and Other Legal Processes, https://www.ssa.gov/privacy/ courtorders_subpoenas_lawenforcementrequests_legalprocesses.html (last visited June 18, 2023).

[5] TRAVEL.STATE.GOV, *Passport Information for Judges and Lawyers*, https://travel.state.gov/content/travel/en/passports/legal-matters/ family-law.html (last visited June 18, 2023).

[6] DMV.NY.GOV, *How to serve a subpoena*, https://dmv.ny.gov/dmv-records/how-serve-subpoena (last visited June 18, 2023) ("The DMV will honor a subpoena if it is . . . a subpoena ordered by a federal court.")

[7] ELECTIONS.NY.GOV, *Freedom of Information Requests (FOIL)*, https://www.elections.ny.gov/FoilRequests.html (last visited June 18, 2023).

[8] With respect to the subpoena to the New York State Board of Elections, the Securities Intermediary does not seek any information regarding Ms. Cohen's voting history and only seeks information reflecting Ms. Cohen's date of birth. All other information may be redacted.

# Exhibit A

16-2023-35M-100542 ⬦ 114

No. 03079

STATE OF NEW YORK

# Affidavit for License to Marry

INDEXED

MAR 1 3 01 PM '44

Date of Marriage 3/1/44
Church
Location C C
Clergyman

**STATE OF NEW YORK**
**County of Kings, City of New York**
**Borough of Brooklyn**

Samuel Cohen
GROOM

and

Catherine Mozola
BRIDE

applicants for a license for marriage, being severally sworn, depose and say, to the best of their knowledge and belief the following statement respectively signed by them is true, and that no legal impediment exists as to the right of each of the applicants to enter into the marriage state.

TO BE MARRIED IN THE CITY CLERK'S OFFICE. YOU MUST BRING DOCUMENTARY PROOF OF AGE AT THE TIME OF THE CEREMONY.

| FROM THE GROOM: | FROM THE BRIDE: |
|---|---|
| Full name Samuel Cohen | Full name Catherine Mozola |
| Color or race White | Color or race white |
| Place of residence 331 Rodney St. (Street Address) | Place of residence 23 South 9th St. (Street Address) |
| Brooklyn, N.Y. | Brooklyn N.Y. |
| Age 24 July 31 '20 (Date of Birth) (Year) | Age 22 May 16 1921 (Date of Birth) (Year) |
| Occupation Soldier | Occupation Defense worker |
| Place of birth N.Y. May | Place of birth Nanticoke Pa. |
| Full name of father Louis | Full name of father Anthony Mozola |
| Country of birth of father Russia | Country of birth of father Russia |
| Full maiden name of mother Sadie | Full maiden name of mother Mary Simone |
| Country of birth of mother Russia | Country of birth of mother Poland |
| Number of previous marriages of groom none | Number of previous marriages of bride none |
| Full names of wives during former marriages { 1. 2. | Full names of husbands during former marriages { 1. 2. |
| Are they living or dead | Are they living or dead |
| Is applicant a divorced person | Is applicant a divorced person |
| If so, when and where and against whom divorce or divorces were granted | If so, when and where and against whom divorce or divorces were granted |
| 1. | 1. |
| 2. | 2. |
| Where did applicant live last with each wife | Where did applicant live last with each husband |
| Grounds of the divorces | Grounds of the divorces |
| Where was defendant served with summons | Where was defendant served with summons |
| Did defendant appear in person in Court | Did defendant appear in person in Court |
| Or by attorney or serve answer or file waiver | Or by attorney or serve answer or file waiver |
| I declare that no legal impediment exists as to my right to enter into the marriage state. | I declare that no legal impediment exists as to my right to enter into the marriage state. |
| Samuel Cohen SIGNATURE OF GROOM | Catherine Mozola SIGNATURE OF BRIDE |

Subscribed and sworn to before me this

.......... day of .......... 19....

James J. Kennedy
Clerk.

## CERTIFICATE OF CONSENT

This is to certify that................................, who have hereto subscribed..................................name, do hereby consent that

...................................................................................................................................................................................................
(Name of Minor)

who is...............................................and who is under the age of.............years, having been born.............................19........,
(My or our Son, Daughter or Ward)

shall be united in marriage to...........................................................................by any minister of the gospel or other person

authorized by law to solemnize marriages.

Witness my hand this..........................day of............................................A. D..............................19........

Subscribed and sworn to before me

on..........................................

............................................
Clerk

............................................
(Signatures of Parents or Guardian)

## CERTIFICATE OF CONSENT

This is to certify that................................, who have hereto subscribed..................................name, do hereby consent that

...................................................................................................................................................................................................
(Name of Minor)

who is...............................................and who is under the age of.............years, having been born.............................19........,
(My or our Son, Daughter or Ward)

shall be united in marriage to...........................................................................by any minister of the gospel or other person

authorized by law to solemnize marriages.

Witness my hand this..........................day of............................................A. D..............................19........

Subscribed and sworn to before me

on..........................................

............................................
Clerk

............................................
(Signatures of Parents or Guardian)

FS

## THIS MARRIAGE LICENSE IS VALID FOR SIXTY DAYS

**THIS IS A MARRIAGE LICENSE, AND NOT A MARRIAGE CERTIFICATE.** The Marriage Certificate on the reverse side should be filled out and filed promptly by the Clergyman or Magistrate as required by law, with the Town or City Clerk who issued the license. See that your marriage is thus recorded.

PLACE OF REGISTRY
STATE OF NEW YORK
County of Kings
City of New York
Borough of Brooklyn

## NEW YORK STATE DEPARTMENT OF HEALTH
Division of Vital Statistics

**MARRIAGE LICENSE**   Registered No. **3079**

**Know all Men by this Certificate,** that any person authorized by law to perform marriage ceremonies within the State of New York to whom this may come, he, not knowing any lawful impediment thereto, is hereby authorized and empowered to solemnize the rites of matrimony between ___Samuel Cohen___ of ___Brooklyn___ in the county of ___Kings___ and State of New York and ___Catherine Mozola___ of ___Brooklyn___ in the county of ___Kings___ and State of New York and to certify the same to be said parties or either of them under his hand and seal in his ministerial or official capacity and thereupon he is required to return his certificate in the form hereto annexed. The statements endorsed hereon or annexed hereto by me subscribed, contain a full and true abstract of all of the facts concerning such parties disclosed by their affidavits or verified statements presented to me upon the application for this license.

Such application was accompanied by papers complying with the applicable requirements of section thirteen-a of the Domestic Relations Law, relative to examination and health of the parties, or such compliance was dispensed with, wholly or partly, by order of a judge or justice.

**In Testimony Whereof** I have hereunto set my hand and affixed the seal of said City at the Municipal Building, Brooklyn.

NOT VALID FOR 24 HOURS

MAR 1 3 01 PM '44

*H. Warren Hubbard*
City Clerk.

[SEAL]

ISSUED UNDER – SECTION 130 DOMESTIC RELATIONS LAW, WAIVING THE 24 HOUR WAITING

TO BE MARRIED IN THE CITY CLERK'S OFFICE, YOU MUST BRING DOCUMENTARY PROOF OF AGE AT THE TIME OF THE CEREMONY.

The following is a full and true abstract of all the facts disclosed by the above-named applicants in their verified statements presented to me upon their applications for the above license:

| FROM THE GROOM: | FROM THE BRIDE: |
|---|---|
| Full name: Samuel Cohen | Full name: Catherine Mozola |
| Color: W | Color: W |
| Place of residence: 331 Rodney St. Bklyn. (Street Address) | Place of residence: 234 So. 9 St. Bklyn. (Street Address) |
| Age: 23  July 31, 1920 (Date of Birth) (Year) | Age: 22  May 10, 1921 (Date of Birth) (Year) |
| Occupation: Soldier | Occupation: Defense Worker |
| Place of birth: Manhattan, NY | Place of birth: Nanticoke, Pa. |
| Full name of father: Louis | Full name of father: Anthony |
| Country of birth of father: Russia | Country of birth of father: Russia |
| Full maiden name of mother: Sadie (unknown) | Full maiden name of mother: Mary Somone |
| Country of birth of mother: Russia | Country of birth of mother: Poland |
| Number of previous marriages of groom: None | Number of previous marriages of bride: None |
| Full names of wives during former marriages { 1. 2. | Full names of husbands during former marriages { 1. 2. |
| Are they living or dead: | Are they living or dead: |
| Is applicant a divorced person: | Is applicant a divorced person: |
| If so, when and where and against whom divorce or divorces were granted 1. 2. | If so, when and where and against whom divorce or divorces were granted 1. 2. |
| Where did applicant live last with each wife | Where did applicant live last with each husband |
| Grounds of the divorces. | Grounds of the divorces. |
| Where was defendant served with summons | Where was defendant served with summons |
| Did defendant appear in person in Court | Did defendant appear in person in Court |
| Or by attorney or serve answer or file waiver | Or by attorney or serve answer or file waiver |
| I declare that no legal impediment exists as to my right to enter into the marriage state. | I declare that no legal impediment exists as to my right to enter into the marriage state. |

R. F. 226–30M-100443 ⟨⟩ 114

2737

The written consent of the Parents, Guardians or Person under whose care and government the Minor or Minors may be has been filed in the City Clerk's Office in the Borough of Brooklyn as provided by Section 15, of Article 3 of the Domestic Relations Law.

---

## MARRIAGE CERTIFICATE

### TO CLERGYMEN AND MAGISTRATES

The license issued, including the abstract of facts, and certificate duly signed by the person who shall have solemnized the marriage therein authorized shall be returned by him to the office of the town or city clerk who issued the same within five days succeeding the date of the solemnizing of the marriage therein authorized and any person or persons who shall wilfully neglect to make such return within the time above required shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than twenty-five dollars or more than fifty dollars for each and every offense. (DOMESTIC RELATIONS LAW, SECTION 14)

Where either or both of the parties is under the age of twenty-one years, the marriage shall be solemnized only by a clergyman, mayor of a city, justice or judge of a court of record, justice of the court of Special Sessions of the City of New York, justice of the Domestic Relations Court of the City of New York or by a judge of a Children's Court. (Subdivision 5, of Section 11 of the Domestic Relations Law)

I, Frank A. Nolan Deputy City Clerk a ................

(Print name) (Title of person performing ceremony)

residing at 257 EAST 29 ST.

Brooklyn in the county of Kings and State of New York, do hereby certify that I did on this

........ day of ........ in the year A. D. 19....., at ........ M. at Brooklyn

1944 MAR 1 PM 3 31

in the county of ........ and State of New York, solemnize the rites of matrimony between

Samuel Coken

of Brooklyn in the county of Kings and State of New York, and

Colleene Mozola

of Brooklyn in the county of Kings and State of New York in the

presence of Julia Mozola and S T Shedlock

as witness and the license therefor is hereto annexed.

Witness my hand at MUNICIPAL BUILDING in the county of Kings

MAR 1 1944

this ........ day of ........ A. D. 19.

In presence of

Julia Mozola                                    Frank A Nolan
(Signature of Witness)                          (Signature of Person Performing Ceremony)

Residence 234 S 9th St

S. T. Shedlock                                  257 East 29 st
(Signature of Witness)                          (Address of Person Performing Ceremony)

Residence 95 N. 7th St. B'klyn.

# Exhibit B

Document # LDMR0005
PRINT DATE:  2/27/2023 TIME: 07:52:13   OPERATOR: DMR OFFICE: DAB

                                                                   CLIENT ID#: 252589077
COHEN,CATHERINE,T                    DOB: 05/10/1921    SEX: F
59-42 163RD STREET                   HEIGHT: 5-0       EYE COLOR: BLUE
FLUSHING           NY 11365          COUNTY: QUEE
                                     MI #: C15292 89563 963361-21


RESTRICTIONS: CORRECTIVE LENSES


LICENSE CLASS: *D*                   STATUS:SURRENDERED  EXPIRATION: 05/10/2003

********************              ACTIVITY              ********************
CLASS CHANGE: 05/06/1994    NEW: *D*       OLD: *5*
DOCUMENT SURRENDERED ON: 05/08/2003 TO FL
                    *** END OF RECORD ***

This is to certify that this document is a true and complete copy of an electronic record on file in the New York State Department of Motor Vehicles, Albany, New York. The record was made in regular course of New York State Department of Motor Vehicles daily business. It is the business of the New York State Department of Motor Vehicles to create and maintain the records of drivers in the state of New York. Entries in this document are made at the time the recorded transactions or events took place or within a reasonable time thereafter. The person who reports the information is under a business duty to do so accurately.

ABS-3 (01/19)

*Mark J.F. Schroeder*

**COMMISSIONER OF MOTOR VEHICLES**

Exhibit C

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., as Secs. Intermediary | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:22-CV-08606 |
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The General Counsel, Social Security Administration, Rool 617 Altmeyer Building, 6401 Security Blvd. Baltimore, MD 21235-6401

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| Place: Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 | Date and Time: 07/07/2023 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Wells Fargo Bank, N.A., as Securities Intermediary _____ , who issues or requests this subpoena, are:

John Failla, Eleven Times Square, New York, NY 10036, jfailla@proskauer.com, 212-969-3141

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-CV-08606

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

For a statement of your obligation in producing documents under this subpoena, see Rule 45(e)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena.

## DEFINITIONS AND INSTRUCTIONS

1.     These definitions expressly incorporate by reference and utilize the uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, as well as the definitions and rules of construction set forth in the Federal Rules of Civil Procedure.

2.     The terms "SSA," "You," and "your" refer to the Social Security Administration.

3.     "Document," in addition to the definition provided in Local Rule 26.3, shall have the broadest meaning ascribed to it by FRCP 34 and Federal Rule of Evidence 1001, including, without limitation, all writings and records, including, but not limited to, originals and all copies, unless identical, regardless of origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, including, without limitation, any form of communication, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), text messages, instant messages, WhatsApp messages, Slack messages, blog posts or comments, all social media content (including, but not limited to, posts, comments, or messages on or sent through Facebook, Twitter, LinkedIn, Pinterest, Instagram or any other social networking or social media site), website postings or entries and content stored in cloud based accounts, drop-box accounts and other applications including on mobile and wearable computing devices, drafts, reports, statements, notes (including stenographic notes), records, letters, envelopes, telegrams, telephone logs, messages (including reports, notes, and memoranda of personal or other telephone

conversations and conferences), contracts, agreements, summaries, photographs, phonograph, tape or other recordings, disks, data cells, drums, printouts and other compilations from which information can be obtained (translated, if necessary, through detection devices into usable form), and any other writings or documents of whatever description or kind, including attachments or other matters affixed thereto and copies of any of the foregoing in the possession, custody or control of the SSA or any other person acting on the SSA's behalf, including, without limitation, any material described above that originally may have been generated by another person or entity and is now in the SSA's possession, custody, or control.  "Document" shall also include all drafts of documents defined above.

4.      "Ms. Cohen" refers to Catherine T. Cohen, Catherine Mozola, Catherine Mozala, Catherine Mazola, or any other individual associated with the Social Security number ████ 6451.

5.      Electronically stored information shall be produced in an unaltered native production database file format or near-native format, such as, csv, Microsoft Excel, or xml, and shall be searchable, sortable, and free from password or any form of encryption that would obstruct an ability to view any data field.

## <u>DOCUMENTS REQUESTED FOR PRODUCTION</u>

1.      All Documents Ms. Cohen provided you when applying for a social security number.

2.      Copies of all applications Ms. Cohen submitted for social security benefits.

3.      All Documents in your possession, custody, or control reflecting Ms. Cohen's date of birth.

Exhibit D

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., as Secs. Intermediary | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:22-CV-08606 |
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:　Office of Information Programs and Services A/GIS/IPS/RL 2201 C. Street N.W., Suite B266 Washington, D.C. 20520-0000

*(Name of person to whom this subpoena is directed)*

　✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| Place: Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 | Date and Time: 07/07/2023 9:00 a.m. |
|---|---|

　❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　_____

　　　　　*CLERK OF COURT*

　　　　　　　　　　　　　　　　　　　OR

　　_____　　　　_____
　　　　*Signature of Clerk or Deputy Clerk*　　　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*　Wells Fargo Bank, N.A., as Securities Intermediary　　　　　　　　　　　　　, who issues or requests this subpoena, are:

John Failla, Eleven Times Square, New York, NY 10036, jfailla@proskauer.com, 212-969-3141

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:22-CV-08606

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                                  _____
                                            *Printed name and title*

                                  _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

For a statement of your obligation in producing documents under this subpoena, see Rule 45(e)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena.

## DEFINITIONS AND INSTRUCTIONS

1.     These definitions expressly incorporate by reference and utilize the uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, as well as the definitions and rules of construction set forth in the Federal Rules of Civil Procedure.

2.     The terms "Department of State," "you," and "your" refer to the U.S. Department of State.

3.     "Document," in addition to the definition provided in Local Rule 26.3, shall have the broadest meaning ascribed to it by FRCP 34 and Federal Rule of Evidence 1001, including, without limitation, all writings and records, including, but not limited to, originals and all copies, unless identical, regardless of origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, including, without limitation, any form of communication, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), text messages, instant messages, WhatsApp messages, Slack messages, blog posts or comments, all social media content (including, but not limited to, posts, comments, or messages on or sent through Facebook, Twitter, LinkedIn, Pinterest, Instagram or any other social networking or social media site), website postings or entries and content stored in cloud based accounts, drop-box accounts and other applications including on mobile and wearable computing devices, drafts, reports, statements, notes (including stenographic notes), records, letters, envelopes, telegrams,

telephone logs, messages (including reports, notes, and memoranda of personal or other telephone conversations and conferences), contracts, agreements, summaries, photographs, phonograph, tape or other recordings, disks, data cells, drums, printouts and other compilations from which information can be obtained (translated, if necessary, through detection devices into usable form), and any other writings or documents of whatever description or kind, including attachments or other matters affixed thereto and copies of any of the foregoing in the possession, custody or control of the Department of State or any other person acting on the Department of State's behalf, including, without limitation, any material described above that originally may have been generated by another person or entity and is now in the Department of State's possession, custody, or control.  "Document" shall also include all drafts of documents defined above.

4.    "Ms. Cohen" refers to Catherine T. Cohen, Catherine Mozola, Catherine Mozala, Catherine Mazola, or any other individual associated with the Social Security number ████ 6451.

5.    Electronically stored information shall be produced in an unaltered native production database file format or near-native format, such as, csv, Microsoft Excel, or xml, and shall be searchable, sortable, and free from password or any form of encryption that would obstruct an ability to view any data field.

## DOCUMENTS REQUESTED FOR PRODUCTION

1.    All Documents Ms. Cohen submitted when applying for a United States issued passport.

2.    Copies of all passports you issued to Ms. Cohen.

3.    All Documents in your possession, custody, or control reflecting Ms. Cohen's date of birth.

Exhibit E

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Secs. Intermediary | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:22-CV-08606 |
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      New York State Board of Elections 40 North Pearl Street, Suite 5 Albany, NY 12207-2729

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| Place: Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 | Date and Time: 07/07/2023 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____      _____
    *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Wells Fargo Bank, N.A., as Securities Intermediary               , who issues or requests this subpoena, are:

John Failla, Eleven Times Square, New York, NY 10036, jfailla@proskauer.com, 212-969-3141

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-CV-08606

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

For a statement of your obligation in producing documents under this subpoena, see Rule 45(e)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena.

## DEFINITIONS AND INSTRUCTIONS

1.      These definitions expressly incorporate by reference and utilize the uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, as well as the definitions and rules of construction set forth in the Federal Rules of Civil Procedure.

2.      The terms "Board of Elections," "you," and "your" refer to the New York State Board of Elections.

3.      "Document," in addition to the definition provided in Local Rule 26.3, shall have the broadest meaning ascribed to it by FRCP 34 and Federal Rule of Evidence 1001, including, without limitation, all writings and records, including, but not limited to, originals and all copies, unless identical, regardless of origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, including, without limitation, any form of communication, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), text messages, instant messages, WhatsApp messages, Slack messages, blog posts or comments, all social media content (including, but not limited to, posts, comments, or messages on or sent through Facebook, Twitter, LinkedIn, Pinterest, Instagram or any other social networking or social media site), website postings or entries and content stored in cloud based accounts, drop-box accounts and other applications including on mobile and wearable computing devices, drafts, reports, statements, notes (including stenographic notes), records, letters, envelopes, telegrams,

telephone logs, messages (including reports, notes, and memoranda of personal or other telephone conversations and conferences), contracts, agreements, summaries, photographs, phonograph, tape or other recordings, disks, data cells, drums, printouts and other compilations from which information can be obtained (translated, if necessary, through detection devices into usable form), and any other writings or documents of whatever description or kind, including attachments or other matters affixed thereto and copies of any of the foregoing in the possession, custody or control of the Board of Elections or any other person acting on the Board of Elections' behalf, including, without limitation, any material described above that originally may have been generated by another person or entity and is now in the Board of Elections' possession, custody, or control.  "Document" shall also include all drafts of documents defined above.

4.      "Ms. Cohen" refers to Catherine T. Cohen, Catherine Mozola, Catherine Mozala, Catherine Mazola, or any other individual associated with the Social Security number ████ 6451.

5.      Electronically stored information shall be produced in an unaltered native production database file format or near-native format, such as, csv, Microsoft Excel, or xml, and shall be searchable, sortable, and free from password or any form of encryption that would obstruct an ability to view any data field.

6.      In making the specific requests below, it is anticipated that information reflecting Ms. Cohen's party affiliation (if any) and election selections will be redacted. These document requests are targeted at ascertaining information concerning Ms. Cohen's date of birth only.

## DOCUMENTS REQUESTED FOR PRODUCTION

1.      All Documents Ms. Cohen provided to you when registering to vote.

2.      Copies of all of Ms. Cohen's voting records, but only to the extent such records include Ms. Cohen's date of birth.

2

3.      All voter registration cards issued by you to Ms. Cohen.

4.      All Documents in your possession, custody, or control reflecting Ms. Cohen's date of birth.

# Exhibit F

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Secs. Intermediary | ) |
| *Plaintiff* | ) |
| v. | ) |
| THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK | ) |
| *Defendant* | ) |

Civil Action No.   1:22-CV-08606

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          NYS DMV, Subpoena Office, 6 Empire State Plaza, Room 330A Albany, NY 12228

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| Place: Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 | Date and Time: 07/07/2023 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Wells Fargo Bank, N.A., as Securities Intermediary _____ , who issues or requests this subpoena, are:

John Failla, Eleven Times Square, New York, NY 10036, jfailla@proskauer.com, 212-969-3141

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-CV-08606

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____   _____   on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

For a statement of your obligation in producing documents under this subpoena, see Rule 45(e)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena.

## DEFINITIONS AND INSTRUCTIONS

1.     These definitions expressly incorporate by reference and utilize the uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York, as well as the definitions and rules of construction set forth in the Federal Rules of Civil Procedure.

2.     The terms "DMV," "you," and "your" refer to the New York State Department of Motor Vehicles.

3.     "Document," in addition to the definition provided in Local Rule 26.3, shall have the broadest meaning ascribed to it by FRCP 34 and Federal Rule of Evidence 1001, including, without limitation, all writings and records, including, but not limited to, originals and all copies, unless identical, regardless of origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, including, without limitation, any form of communication, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), text messages, instant messages, WhatsApp messages, Slack messages, blog posts or comments, all social media content (including, but not limited to, posts, comments, or messages on or sent through Facebook, Twitter, LinkedIn, Pinterest, Instagram or any other social networking or social media site), website postings or entries and content stored in cloud based accounts, drop-box accounts and other applications including on mobile and wearable computing devices, drafts, reports, statements, notes (including stenographic notes), records, letters, envelopes, telegrams,

telephone logs, messages (including reports, notes, and memoranda of personal or other telephone conversations and conferences), contracts, agreements, summaries, photographs, phonograph, tape or other recordings, disks, data cells, drums, printouts and other compilations from which information can be obtained (translated, if necessary, through detection devices into usable form), and any other writings or documents of whatever description or kind, including attachments or other matters affixed thereto and copies of any of the foregoing in the possession, custody or control of the DMV or any other person acting on the DMV's behalf, including, without limitation, any material described above that originally may have been generated by another person or entity and is now in the DMV's possession, custody, or control. "Document" shall also include all drafts of documents defined above.

4. "Ms. Cohen" refers to Catherine T. Cohen, Catherine Mozola, Catherine Mozala, Catherine Mazola, or any other individual associated with the Social Security number ███ 6451.

5. Electronically stored information shall be produced in an unaltered native production database file format or near-native format, such as, csv, Microsoft Excel, or xml, and shall be searchable, sortable, and free from password or any form of encryption that would obstruct an ability to view any data field.

## DOCUMENTS REQUESTED FOR PRODUCTION

1. All Documents Ms. Cohen provided to you when applying for a driver's license or license renewal.

2. Copies of all driver's licenses you issued to Ms. Cohen.

3. All Documents in your possession, custody, or control reflecting Ms. Cohen's date of birth.

Exhibit G

# SSA-2023-004977 Request Details

Submitted    Evaluation    Assignment    Processing    Closed

## Contact Information

| | |
|---|---|
| **Full Name** | Angelo Monforte |
| **Organization** | Proskauer Rose LLP |
| **Email Address** | amonforte@proskauer.com |
| **Phone Number** | 5619954767 |
| **Fax Number** | |
| **Mailing Address Location** | United States/US Territories |
| **Address Line 1** | 2255 Glades Road |
| **Address Line 2** | Suite 421 Atrium |
| **City** | Boca Raton |
| **State/Province** | FL |
| **Zip Code/Postal Code** | 33431 |

## Request Information

| | |
|---|---|
| **Agency** | Office of Privacy and Disclosure |
| **Will Pay Up To** | $100.00 |
| **Date Submitted** | 02/22/2023 |
| **Estimated Date of Completion** | 03/24/2023 |
| **Fee Category** | Other |
| **Request Track** | Simple |
| **Request Phase** | Closed |
| **Final Disposition** | Fee-Related Reason |

## Additional Information

| | |
|---|---|
| **Request Type and Fee** | FOIA |
| **Certification** | Yes (adds $10.00 to fee) |
| **Are You Providing the Subject's SSN?** | N/A |
| **Date of Birth** | N/A |
| **Name of Individual at Birth** | N/A |
| **Gender** | Female |

| | |
|---|---|
| **Deceased Individual's Parent/Mother's Name at Birth** | N/A |
| **Deceased Individual's Parent/Mother's Married Name(s) (if any)** | N/A |
| **Name(s) of Individual(if other than above/other names(s) used)** | N/A |
| **Deceased Individual's Parent/Father's Name at Birth** | N/A |

## Description

| | |
|---|---|
| **Description** | The deceased individual's SSN is attached. The desired records are as follows: (i) Photocopy of Original Application for a Social Security Card (SS-5) for a Deceased Individual and (ii) Computer Extract of Social Security Application (Numident) for a Deceased Individual. |

## Request Expedited Processing

| | |
|---|---|
| **Made Request?** | No |

## Request a Fee Waiver

| | |
|---|---|
| **Made Request?** | No |

## Supporting Files

| Download | Attached File Name | Size (MB) | File Type |
|---|---|---|---|
| ☐ | Catherine T. Cohen.pdf | 0.0421 | Adobe PDF Document |

# Exhibit H



**Proskauer≫**    Proskauer Rose LLP   2255 Glades Road, Suite 421 Atrium   Boca Raton, FL 33431-7360

February 27, 2023

Jared DuBosar
Attorney at Law
d +1.561.995.4702
f 561.241.7145
jdubosar@proskauer.com
www.proskauer.com

**Via Electronic Mail**

U.S. Department of State
Passport Services
Office of Law Enforcement Liaison
44132 Mercure Cir.
P.O. Box 1227
Sterling, VA 20166
PPT-Public-FOIARequests@state.gov

Re:    <u>FOIA Request – U.S. Passport Records</u>

Dear FOIA Officer:

     This is a request under the Freedom of Information Act.

     We are requesting the U.S. passport application of Catherine T. Cohen ("Ms. Cohen") and a copy of Ms. Cohen's passport. Ms. Cohen's date of death was October 21, 2021. A copy of Ms. Cohen's death certificate is attached. To the extent useful, we have also attached a copy of Ms. Cohen's driver's license.

     My firm is willing to pay all applicable fees for the processing of this request. Should you need any additional information, please contact me.

Thank you,

*Jared DuBosar*

Jared DuBosar

Enclosures

THIS DOCUMENT HAS A LIGHT BACKGROUND ON TRUE WATERMARKED PAPER. HOLD TO LIGHT TO VERIFY FLORIDA WATERMARK

## BUREAU of VITAL STATISTICS

# CERTIFICATION OF DEATH

**STATE FILE NUMBER:** 2021218361

**DATE ISSUED:** NOVEMBER 4, 2021

**DATE FILED:** NOVEMBER 1, 2021

## DECEDENT INFORMATION

NAME: CATHERINE T COHEN

DATE OF DEATH: OCTOBER 21, 2021    SEX: FEMALE   SSN: ███6451   AGE: 101 YEARS

DATE OF BIRTH: ███████ 1920    BIRTHPLACE: NANTICOKE, PENNSYLVANIA, UNITED STATES

PLACE OF DEATH: DECEDENT'S HOME

FACILITY NAME OR STREET ADDRESS: ████████

LOCATION OF DEATH: PALM BEACH GARDENS, PALM BEACH COUNTY, 33418

RESIDENCE: ████████ PALM BEACH GARDENS, FLORIDA 33418, UNITED STATES    COUNTY: PALM BEACH

OCCUPATION, INDUSTRY: HOMEMAKER, OWN HOME

EDUCATION: 8TH GRADE OR LESS     EVER IN U.S. ARMED FORCES? NO

HISPANIC OR HAITIAN ORIGIN? NO, NOT OF HISPANIC/HAITIAN ORIGIN

RACE: WHITE

## SURVIVING SPOUSE / PARENT NAME INFORMATION

**(NAME PRIOR TO FIRST MARRIAGE, IF APPLICABLE)**

MARITAL STATUS: WIDOWED

SURVIVING SPOUSE NAME: NONE

FATHER'S/PARENT'S NAME: UNOBTAINABLE

MOTHER'S/PARENT'S NAME: UNOBTAINABLE

## INFORMANT, FUNERAL FACILITY AND PLACE OF DISPOSITION INFORMATION

INFORMANT'S NAME: CAROL COHEN

RELATIONSHIP TO DECEDENT: DAUGHTER

INFORMANT'S ADDRESS: ████████ JUPITER, FLORIDA 33458, UNITED STATES

FUNERAL DIRECTOR/LICENSE NUMBER: TABITHA DENEAULT, F191182

FUNERAL FACILITY: AYCOCK-RIVERSIDE FUNERAL AND CREMATION CENTER F040985

     1112 MILITARY TRAIL, JUPITER, FLORIDA 33458

METHOD OF DISPOSITION: CREMATION

PLACE OF DISPOSITION: WEST PALM CREMATORY

     WEST PALM BEACH, FLORIDA

## CERTIFIER INFORMATION

TYPE OF CERTIFIER: CERTIFYING PHYSICIAN     MEDICAL EXAMINER CASE NUMBER: NOT APPLICABLE

TIME OF DEATH (24 HOUR): 1735     DATE CERTIFIED: OCTOBER 27, 2021

CERTIFIER'S NAME: RICHARD STEPHEN LEVENE

CERTIFIER'S LICENSE NUMBER: OS5792

NAME OF ATTENDING PRACTITIONER (IF OTHER THAN CERTIFIER): NOT APPLICABLE

## CAUSE OF DEATH AND INJURY INFORMATION

MANNER OF DEATH: NATURAL

CAUSE OF DEATH - PART I - AND APPROXIMATE INTERVAL: ONSET TO DEATH

a. SENILE DEGENERATION OF BRAIN

b.

c.

d.

PART II - OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I:

AUTOPSY PERFORMED? NO     AUTOPSY FINDINGS AVAILABLE TO COMPLETE CAUSE OF DEATH?

DATE OF SURGERY:     DID TOBACCO USE CONTRIBUTE TO DEATH? NO

REASON FOR SURGERY:

PREGNANCY INFORMATION: NOT PREGNANT WITHIN PAST YEAR

DATE OF INJURY: NOT APPLICABLE     TIME OF INJURY (24 HOUR):     INJURY AT WORK?

LOCATION OF INJURY:

DESCRIBE HOW INJURY OCCURRED:

PLACE OF INJURY:

IF TRANSPORTATION INJURY, STATUS OF DECEDENT:     TYPE OF VEHICLE:

STATE REGISTRAR

REQ: 2023330828

WARNING: THE ABOVE SIGNATURE CERTIFIES THAT THIS IS A TRUE AND CORRECT COPY OF THE OFFICIAL RECORD ON FILE IN THIS OFFICE. THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH WATERMARKS OF THE GREAT SEAL OF THE STATE OF FLORIDA. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARK. THE DOCUMENT FACE CONTAINS A MULTICOLORED BACKGROUND, GOLD EMBOSSED SEAL, AND THE THERMOCHROMIC FL ON THE BACK CONTAINS SPECIAL LINES WITH TEXT. THIS DOCUMENT WILL NOT PRODUCE A GOLD COPY.

DH FORM 1947 (03-13)

CERTIFICATION OF VITAL RECORD

* 5 8 9 8 5 6 6 8 *

VOID IF ALTERED OR ERASED

Florida HEALTH

