**Fishkin Lucks**

500 7th Avenue, 8th Floor
New York, NY 10018
(646) 755-9200
www.fishkinlucks.com

Aaron Loterstein
aloterstein@fishkinlucks.com

March 6, 2024

**Via ECF and Email**
Honorable John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

   Re: *Wells Fargo Bank, N.A., as Securities Intermediary v. The United States Life Insurance Company in The City of New York*, No. 1:22-cv-08606

Dear Judge Cronan:

We represent defendant The United States Life Insurance Company in the City of New York ("US Life").  Pursuant to Rule 5.C of Your Honor's Individual Rules of Practice in Civil Cases, US Life files this unopposed letter motion requesting that the Court issue subpoenas seeking documents from certain federal agencies that, pursuant to regulation and agency practice, do not respond to subpoenas that are merely signed by an attorney of record as an officer of the Court.

As Your Honor may recall, this action concerns the amount payable under a universal life insurance policy that insured the life of Catherine Cohen.  Among other things, the parties have disputed Ms. Cohen's true date of birth and the effect of any misstatement of her age on the amount payable under the relevant policy.  To address those issues, both parties have conducted third-party discovery from entities likely to have records that reflect Ms. Cohen's birth date, such as medical providers and federal and state government agencies.

As part of these efforts, US Life wishes to serve the accompanying subpoenas seeking information about Ms. Cohen's enrollment in Medicare and Social Security benefits on the Social Security Administration and the U.S. Department of Health and Human Services.[1]  Since both forms of benefits have age-related eligibility requirements, US Life expects that documents related to Ms. Cohen's enrollment in those benefits will contain information related to her date of birth.

Although Rule 45(a)(3) typically authorizes an attorney "authorized to practice in the issuing court" to sign a subpoena, both the Social Security Administration and the Department of Health and Human Services have enacted regulations that require a court-ordered subpoena before those agencies will produce any documents or information in a lawsuit between private litigants.  *See*

---

[1] The subpoena to the Social Security Administration seeks information related to both Social Security and Medicare benefits because, although Medicare benefits are administered by the Department of Health and Human Services, individuals apply for Medicare benefits through the Social Security Administration.  *See* 42 C.F.R. §§ 406.6, 406.7, 407.14, 407.17.

Hon. John P. Cronan, U.S.D.J.
March 6, 2024
Page 2 of 2

20 C.F.R. §§ 401.180(a), (c)(4); 45 C.F.R. § 5b.9(b)(11).[2]  Because of this requirement, the Court previously so-ordered subpoenas presented by plaintiff Wells Fargo Bank, N.A., as Securities Intermediary (ECF No. 43) and by US Life (ECF No. 54), including a subpoena to the Social Security Administration.

Plaintiff does not object to US Life's request.

We thank Your Honor for your time and consideration.

Respectfully submitted,

Aaron Loterstein

The request is granted.  The Clerk of Court is respectfully directed to sign and issue the subpoenas at Docket Numbers 58-1 and 58-2 and to close Docket Number 58. The parties should advise the Court if further assistance is required for the subpoenas.

SO ORDERED.
Date: March 7, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

[2] *See also* Soc. Sec. Admin., *Privacy Program: A Central Source for Information about SSA's Privacy Compliance Program* (last visited Mar. 6, 2024), https://www.ssa.gov/privacy/courtorders_subpoenas_lawenforcementrequests_legalprocesses.html ("Generally, SSA will not respond to a subpoena for records unless it is signed by a federal district court judge and meets the other requirements listed in our court order regulation at 20 C.F.R § 401.180.").