UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
WELLS FARGO BANK, N.A.,                                    :
                                                          :
                                  Plaintiff,              :
                                                          :        22 Civ. 8606 (JPC)
                                                          :
            -v-                                           :
                                                          :        ORDER
                                                          :
THE UNITED STATES LIFE INSURANCE                          :
COMPANY IN THE CITY OF NEW YORK,                          :
                                                          :
                                  Defendant.              :
                                                          :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Attached to this Order is the Court's current draft of *voir dire* questions for prospective

jurors.  The parties should be prepared to address any objections to the proposed questions at the

final pretrial conference scheduled for June 1, 2026, at 2:00 p.m.

      SO ORDERED.

Dated: May 28, 2026
      New York, New York

                                             JOHN P. CRONAN
                             United States District Judge

**DRAFT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
              :

WELLS FARGO BANK, N.A.,            :

            :

        Plaintiff,       :

    -v-            :

            :       22 Civ. 8606 (JPC)

THE UNITED STATES LIFE INSURANCE  :

COMPANY IN THE CITY OF NEW YORK,  :      **VOIR DIRE FORM**

            :

        Defendant.     :

            :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

### Summary of Case

This is a breach of contract case involving a life insurance policy.  The Plaintiff in this case is Wells Fargo Bank, National Association ("Wells Fargo") and the Defendant is The United Life Insurance Company in the City of New York ("US Life").  In November 2005, US Life issued a policy insuring the life of a woman named Catherine Cohen, who passed away in October 2021.  After Ms. Cohen died, Wells Fargo submitted a claim to US Life for a payment of money owed under the policy, known as a death benefit.

US Life, however, has not yet paid the death benefit.  It asserts that Ms. Cohen misstated her age when applying for the policy, and that she was born on January 29, 1920, rather than May 10, 1921, the date she listed in the application.  Because of this alleged misstatement, US Life claims that it is entitled to reduce the death benefit under a provision of the policy describing how the death benefit should be adjusted if the insured misstated her age.  If you are selected to serve as a juror, you will be asked to decide whether US Life has proven that Ms. Cohen misstated her age and, if so, by what amount to reduce the death benefit owed by US Life under that provision.

**DRAFT**

## Questions for Potential Jurors

Please indicate if your answer to any of the following questions is "yes." If you would prefer not to give your answer in open court, please say so.

### Part 1: General Juror Questionnaire

1. Do you have any personal knowledge of the allegations as I have described them to you?

2. Have you seen or read anything about this case?

3. Is there anything about the nature of this case that would cause you to be unable to render a fair and impartial verdict?

4. I am now going to introduce you to the parties and their lawyers. As I mentioned, the Plaintiff in this case is Wells Fargo Bank, National Association ("Wells Fargo").

   a. Do you have any opinions or views concerning Wells Fargo that would affect your ability to be a fair and impartial juror in this case?

   b. Have you, or to your knowledge has a family member or a close friend, ever been employed by, or had any professional dealings with, Wells Fargo?

5. Wells Fargo is represented by John Failla, Nathan Lander, Jared DuBosar, and Hannah Silverman, who are attorneys with the law firm of Proskauer Rose LLP ("Proskauer"). I ask those attorneys to please stand and turn to the prospective jurors. Do you, or to your knowledge does a family member or a close friend, know Mr. Failla, Mr. Lander, Mr. DuBosar, Ms. Silverman, or anyone at Proskauer?

   a. Have you, or to your knowledge has a family member or a close friend, ever been employed by, or had any dealings with, Proskauer?

   b. Have you, or to your knowledge has a family member or a close friend, had any dealings with Mr. Failla, Mr. Lander, Mr. DuBosar, or Ms. Silverman?

2

6. As I also mentioned, the Defendant in this case is The United States Life Insurance Company in the City of New York ("US Life").

    a. Do you have any opinions or views concerning US Life that would affect your ability to be a fair and impartial juror in this case?

    b. Have you, or to your knowledge has a family member or a close friend, ever been employed by, or had any professional dealings with, US Life?

7. US Life is represented by Steven Lucks, Aaron Loterstein, Elizabeth Lee, and Brendan Hermann, who are attorneys with the law firm Fishkin Lucks LLP.  I ask those attorneys to please stand and turn to the prospective jurors.  Do you, or to your knowledge does a family member or a close friend, know Mr. Lucks, Mr. Loterstein, Ms. Lee, Mr. Hermann, or anyone at Fishkin Lucks?

    a. Have you, or to your knowledge has a family member or a close friend, ever been employed by, or had any dealings with, Fishkin Lucks?

    b. Have you, or to your knowledge has a family member or a close friend, had any dealings with Mr. Lucks, Mr. Loterstein, Ms. Lee, or Mr. Hermann?

8. During this trial, I will be assisted by several court employees, including Juliaann Scheib, who is the Courtroom Deputy, and by my law clerks, Dore Feith, Christopher Ioannou, and Ben Kessler.  I ask those individuals to please stand and turn to the prospective jurors.  Do you, or to your knowledge does a family member or a close friend, know Ms. Scheib, Mr. Feith, Mr. Ioannou, Mr. Kessler, or me?

9. As you look around the room, do you recognize anyone you know?

10. It is possible that businesses or organizations who are not parties to this case may be mentioned during this trial.  This potentially includes:

    a.  Jade Mountain Partners

    b.  Corebridge Financial

    c.  Saint Stanislaus Institute (Newport, PA)

    d.  Saint Faustina Kowalska Parish (Nanticoke, PA)

Do you have any feelings about any of these businesses that would affect your ability to be a fair and impartial juror in this case?

11. It is possible that people who are not parties to this case may testify as witnesses or otherwise be mentioned during this trial.  This potentially includes:

    a.  Catherine Cohen

    b.  Carol Cohen

    c.  Marie Levitt

    d.  Robert Cohen

    e.  Eric Tarnow

    f.  Brian Van Fossen

    g.  Roger Joslyn

    h.  Suhas Sarathy

    i.  Kevin Warner

    j.  David Marinoff

    k.  Paul Fritz

    l.  Stanley Shelley

    m. Kathleen Hinckley

    n.  Tanisha Harris

    o.  John Paul Osborn

p. Khody Detwiler

Do you, or to your knowledge does a family member or a close friend, know any of the individuals that I just named?

12. I just mentioned that one of the entities you may hear about at trial is called Jade Mountain Partners, which is a financial firm.

   a. Do you have any opinions or views concerning Jade Mountain Partners that would affect your ability to be a fair and impartial juror in this case?

   b. Have you, or to your knowledge has a family member or a close friend, ever been employed by, or had any professional dealings with, Jade Mountain Partners?

13. Do you have any type of insurance policy with US Life?

14. Have you, or to your knowledge has a family member or close friend, ever worked for an insurance company?

15. Do you otherwise have a background in the insurance industry or handling insurance claims?

16. Have you, or to your knowledge has a family member or close friend, ever submitted a claim as a beneficiary of a life insurance policy?

17. Have you, or to your knowledge has a family member or close friend, ever submitted an insurance claim that you believe was not paid in full?

18. Do you believe that if an insurance claim is not covered by an insurance policy, the insurer still has an obligation to provide coverage so long as the premiums on the policy have been paid?

19. Do you have strong feelings, either negative or positive, about insurance companies?

20. Have you, or to your knowledge has a family member or close friend, ever worked for a bank, asset manager, investment advisor, or investment fund?

21. Have you ever had a negative experience with a bank, asset manager, investment advisor, or

5

investment fund?

22. Do you have any strong feelings, either negative or positive, about banks, asset managers, investment advisors, or investment funds?

23. Do you have any professional experience in contracts, compliance, audits, or records?

24. Have you ever had an important document contain a discrepancy that caused a dispute?

25. Have you ever worked as an actuary or taken advanced courses in mathematics, actuarial science, or statistics?

26. Have you, or to your knowledge has a family member or close friend, ever spent any time living in an orphanage, in foster care, or any similar living arrangement being cared for by someone who is not a biological family member or an adoptive parent?

27. Have you ever tried to do genealogical research, including about your own family history?

28. The function of the jury is to decide questions of fact.  However, when it comes to the law, you must listen to my instructions and accept and apply the law as I explain it. Do you have any hesitation or unwillingness to apply the law as I explain it even if you disagree with it?

29. Would you have any difficulty following my instruction that you may not substitute your own notions of what the law is or what you think it should be?

30. You may hear testimony in this case from expert witnesses.  I will instruct you that an expert's testimony is not entitled to any greater weight or lesser weight than the testimony of any other witness.  Would you have difficulty following that instruction?

31. As I will instruct you, the burden of proof in this case is not proof beyond a reasonable doubt, but instead a different standard of preponderance of the evidence, which means more likely than not.  Will you have difficulty following that instruction?

32. Do you have any bias, sympathy, religious beliefs, or any other concern that may prevent you

from rendering a fair and impartial verdict based solely on the facts and law?

33. Have you ever studied or practiced law or worked in any capacity for a law office?

34. Do you have any opinions, positive or negative, about lawyers, judges, or the courts that may prevent you from rendering a fair and impartial verdict in this case?

35. Are you now under subpoena or, to your knowledge, about to be subpoenaed in any case?

36. Have you ever been a party, either as a plaintiff or a defendant, in a lawsuit?

37. Have you ever testified as a witness in a state or federal trial?

38. Do you have any reservations about discussing your opinions with other people?

39. Do you have reservations about sitting in judgment of others?

40. If you find that US Life has failed to meet its burden of proof, would you be unable to return a verdict in favor of the Wells Fargo?

41. If you find that US Life has met its burden of proof, would you be unable to return a verdict in favor of US Life?

42. Do you believe that simply because Wells Fargo has brought this lawsuit, it must mean that it deserves to recover damages?

43. Do you believe that simply because US Life has been sued, it is probably liable?

44. Do you have any problem with your hearing or vision that would prevent you from giving attention to all the evidence at this trial?

45. Do you have any difficulty in understanding or reading English?

46. Do you have any medical problem, are you taking any medication, or do you suffer from any condition that might interfere with your service as a juror in this case or make it difficult for you to give the case your full attention?

47. The purpose of these questions has been to try to identify any possible reasons why you might

not be able to sit as a fair and impartial juror.  But only you know whether there is some other matter that I did not mention that I should have asked about.  Aside from the questions that I have already asked, is there anything else that might prevent you from being a fair and impartial juror in this case?

**DRAFT**

## Part 2: Individual Juror Questionnaire

1.  What is your city, town or village, and county of residence?

2.  How long have you lived at that residence?

    a.  If less than ten years, where did you live before that?

3.  How far did you go in school?

    a.  What have been your areas of study?

    b.  What degrees have you received?

4.  Are you employed?

    a.  If so what, what is your occupation?

    b.  Who is your employer and where do you work?

    c.  How long have you had that job?

    d.  What previous jobs have you had in the past ten years?

    e.  If you are retired, what position did you hold before retirement?

5.  What is your marital status?

    a.  If you are married, what is your spouse's educational background and current employer?

6.  Are there other adults in your household?

    a.  If so, what do they do?

    b.  If they are retired, what did they do before retirement?

7.  Do you have children?

    a.  If so, how old are they?

    b.  If they are adults, what do they do?

**DRAFT**

8. Are you a member of any organizations?

    a. If so, which ones?

9. What are the sources, if any, from which you learn the news?

10. What radio stations, podcasts, and television programs do you regularly tune in to?

11. What do you like to do in your spare time?

12. Have you previously served on a jury, whether in a civil or criminal trial, or as a grand juror?

    a. If so, how many times have you served as a juror?

    b. For each time you have served as a juror:

        i. Was the case criminal or civil?

        ii. Did the jury reach a verdict? (Please do not tell me what the verdict was.)