**Fishkin Lucks**

The Woolworth Building
233 Broadway, Suite 820
New York, NY 10279
(646) 755-9200
www.fishkinlucks.com

Steven M. Lucks
slucks@fishkinlucks.com

June 3, 2026

**Via ECF**
The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:    *Wells Fargo Bank, N.A., as Securities Intermediary v. The United States Life Insurance Company in the City of New York*, Case No. 1:22-cv-08606-JPC

Dear Judge Cronan:

As Your Honor is aware, my firm represents The United States Life Insurance Company in the City of New York ("US Life") in the above-referenced action.  During the pretrial conference on June 1, 2026, and its orders on June 2 and 3, the Court directed the parties to propose a process through which the Court could decide preliminary questions, pursuant to Rule 104(a), regarding the admissibility of certain exhibits that US Life intends to offer at trial.  The parties have conferred in good faith but have been unable to reach a mutually agreeable plan for proceeding.  The parties' respective proposals are described below.

**US Life's Proposal**

US Life proposes that, subject to the Court's availability, the parties have an in-person hearing on June 10, 2026, which is a day on which the parties are both available.  The hearing would include attorney argument on legal issues and attorney presentation of documentary evidence, likely supplemented with live witness testimony.  Any witnesses would likely testify remotely.

In advance of the hearing, the parties would file on or before June 9, 2026, at 12:00pm written submissions of up to 15 pages, exclusive of exhibits.  The day before, on June 8 by 12:00pm, the parties would also identify the witness(es) that they anticipate calling at the hearing, along with a high-level summary of their anticipated testimony, and the exhibits that they may use.  Should the Court wish for the parties to brief any issues post-hearing, US Life would of course be amenable to making such a submission.

During our efforts to confer with Wells Fargo's counsel, they have explained that they would agree to a process that allows the parties either to make written submissions or to have an in-person hearing, but not both.  However, US Life is the party seeking to introduce the evidence at issue in the Rule 104 inquiry, and US Life would be prejudiced if it were unable to make a complete record about why its evidence is admissible.  As Your Honor is aware, the evidence at issue, such as Catherine Cohen's delayed birth certificate, is among the most critical evidence in this case.

Honorable John P. Cronan
June 3, 2026
Page 2

US Life anticipates that its proposal will best guide the Court in ruling on the relevant evidentiary decisions because the pre-hearing submissions will orient the Court to the key issues, which the parties will address in greater detail at the in-person hearing.  Although we recognize that making both written and oral presentations will entail some additional work for the parties, that burden is modest in the context of trial preparation and is proportionate to the critical nature of the disputed evidence.

**<u>Wells Fargo's Proposal</u>**

The process should be fair and efficient, for the Court and the parties, and should not impose unnecessary burden and waste time on the eve of trial.  These goals can be achieved, and a thorough record can be made, by ***<u>either</u>*** of the following processes (which, Plaintiff believes, should be selected based on whichever the Court believes would be most useful and convenient to it in resolving the pending issues):

1) Defendant submits a 15-page brief (exclusive of exhibits and declarations) by June 8, 2026 at noon; plaintiff responds by June 10, 2026 at noon, subject to the same page limitations; ***<u>or</u>***
2) The Court conducts a hearing on June 10, 2026, with evidence and argument; and the parties disclose their witnesses by June 5, 2026 at noon, with a proffer summarizing expected testimony and a statement as to whether the testimony will be in writing or live.

Each of these processes would allow defendant to make a full record in support of its position that a hearsay exception applies.  On the written-submission option, defendant can offer declarations from its preferred witnesses, submit documentary evidence, and make legal arguments. On the evidentiary-hearing option, it can do the same: it can offer testimony from witnesses (live, over Zoom, or by declaration) and introduce documents and make its arguments orally.  On either option, there is absolutely no prejudice to defendant and it will have made a complete record. Indeed, defendant's proposal *supra* anticipates duplication, announcing that the pre-hearing submissions "will orient the Court"—and that defendant will then retread ground when "the parties will address [the issues] in greater detail at the in-person hearing."

Defendant's proposal essentially contemplates doing ***<u>both</u>*** of plaintiff's proposed processes. Particularly on the heels of extensive summary judgment, *Daubert* and *in limine* briefing that touched on many of the same facts that defendant will seek to marshal to meet its burden, nothing will be accomplished by making duplicative—written and live—presentations to the Court.  A Rule 104(a) hearing is, in essence, an enhanced sidebar.  It does not require a full-blown mini-trial ***<u>plus</u>*** lengthy briefing.

Even if the Court thought that both briefing and a hearing were appropriate, defendant's proposal is unfair to plaintiff because it permits defendant—the party with the burden of proving admissibility—to submit its briefing simultaneous with plaintiff's opposition, which, without the benefit of sequential briefing, necessarily would not be fully responsive to defendant's brief.  Nor would it be fair to require plaintiff to participate in an evidentiary hearing without timely  advance proffers. The proffer should identify the witnesses and whether they will testify live or by declaration, give a summary of anticipated testimony, and identify any documents expected to be offered.  The proffer should be made by June 5 at noon, which is sufficiently in advance of the hearing—unlike the mere 1.5 days that defendant proposes—such as would permit the parties to

Honorable John P. Cronan
June 3, 2026
Page 3

adequately prepare their examinations.  If there is to be a hearing, the parties need to be able to reasonably prepare for it and not have trial by ambush.

*    *    *

The parties thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Steven M. Lucks*

Steven M. Lucks

The Court adopts a hybrid process to address each party's concerns.  The parties shall exchange proffers by 5:00 p.m. on June 5, 2026.  US Life shall file a letter brief of no more than five pages by June 8 at noon.  Wells Fargo shall file a letter response of no more than five pages by June 9 at noon.  The Court will hold an evidentiary hearing on June 10 at 2:00 p.m.  The hearing will be held in Courtroom 12D of the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007, with any remote witness testimony to be conducted via video with a link to be sent separately to the parties.

SO ORDERED.
Date: June 4, 2026
New York, New York

JOHN P. CRONAN
United States District Judge